## Lepley v. Darling Valve and Manufacturing Co.

*Spencer W. Hill, Jr.,* for plaintiff.
*McCormick, Herdic & Furst,* for defendant.

LARRABEE, P. J., July 27, 1949.—Plaintiff, administratrix of the estate of Gordon T. Lepley, deceased, seeks to recover from defendant company commissions alleged to be due her husband's estate on orders obtained by him for the sale of products made by defendant company.

This claim is for commissions alleged to have been earned by plaintiff's decedent under a certain written contract entered into between him and defendant whereby it was agreed that Gordon T. Lepley as salesman for defendant company was to receive a weekly salary of $75 and in addition thereto a commission of one percent on all orders obtained by him and shipped and billed by defendant. The contract provided this commission was to be paid to Lepley at each successive four weeks' period following the making of the contract, on all orders "shipped and billed (by defendant) during the preceding four week period".

Plaintiff further avers she is not able to state definitely the amount of the total sales made by Gordon T. Lepley and orders submitted by him to defendant prior to his death on March 14, 1947, and which were shipped and billed by defendant, as the "orders, books, papers and accounts of the business" conducted by defendant are in defendant's possession.

For the same reasons plaintiff avers she is unable to state accurately the amount of the orders obtained by Gordon T. Lepley that were actually shipped and billed both prior to and subsequent to his death, and upon which orders plaintiff avers she has not received any of the commissions due thereon, as representing his estate.

It is averred in the complaint that at the time of Lepley's death he had made sales and obtained orders for defendant company amounting to approximately

$500,000 and on which Lepley was entitled to the commission of one percent under the terms of the agreement.

Plaintiff further alleges there is due and owing from defendant company to the estate of her decedent the sum of approximately $4,000, and that she has made frequent demands upon defendant for payment of the amount due her, as the personal representative of Gordon T. Lepley, and that defendant has wholly refused to pay the same or any part thereof.

Plaintiff asks for an accounting in accordance with the provisions of Rule 1021 of the Pennsylvania Rules of Civil Procedure in order that she may have judgment for the amount found to be due and owing her as the personal representative of the late Gordon T. Lepley.

Defendant filed a preliminary objection in the nature of a demurrer and claims that the salary and commissions due and payable under the contract ceased with the death of Gordon T. Lepley and there was nothing due him from defendant company excepting the unpaid portion of the weekly salary to the date of his death and the unpaid commissions on orders shipped and billed prior to his death.

We are of the opinion the preliminary objections should be dismissed for the reason that the provision contained in the written contract, that the commissions would be paid at the end of each four weeks period on all orders "shipped and billed" by defendant during the four weeks immediately preceding, is not conclusive on the question of whether plaintiff's decedent was also entitled to commissions on orders obtained by him but not shipped and billed until after his death. We are of the opinion this provision in the contract for paying commissions at the end of each four weeks was chiefly to fix a definite and regular time

upon which Lepley's commissions were to be computed and paid.

It is obvious from reading the contract that the salary and commissions to be paid Lepley were for obtaining orders for products made by defendant company and if the orders were accepted and eventually "shipped and billed" by defendant then Lepley was to be paid his commission. Therefore, it is quite apparent that the services for which Lepley was to be paid were rendered when he had obtained an order and submitted it to defendant and if it was such an order as defendant would ordinarily accept in the course of its business. It is obvious that the commission was earned when the order was obtained by Lepley. The services he had contracted to render had been given and nothing more remained for him to do.

There is nothing in the contract that states that Lepley would not be paid for orders obtained by him in the event of his death before they were accepted and shipped and billed by defendant and in the absence of such an express condition we conclude that Lepley's estate would be entitled to an accounting for any orders obtained by him and eventually shipped and billed by defendant and upon which he had not been paid this commission, even though the actual shipment did not take place for several weeks or months following his death.

In 2 Am. Jur. 243, on the subject of Agency, it is stated:

"The termination of an agency by operation of law cuts off the agent's right to compensation for the unexpired term of his agency; it does not, however, according to the modern view, preclude him from claiming compensation for services already rendered. For example, one contracting to render services for a fixed period and at a specified salary, who becomes disabled

by reason of illness or accident and is thereby prevented from completing his contract, may nevertheless recover for the services rendered. A like rule applies when the agent dies before his employment terminates; his administrator may in such cases recover for services rendered before the death."

And 3 C. J. S. §187, under the subject of Agency, declares:

"The rule that the agent is entitled to recover for services rendered before his discharge is particularly applicable where the contract of agency is severable. Accordingly, an agent selling goods on commission is entitled to a commission on goods sold by him during the continuance of the agency, although the goods were not delivered or paid for, or even where the orders were not received by the principal, until after the termination of the relationship.

". . . Where the death of the agent prevents his full performance, recovery may be had for the value of the services he performed."

In A. L. I. Restatement of the Law of Agency §452, the law on this question is as follows:

"Unless otherwise agreed, if the principal has contracted to pay the agent for his services and the relationship terminates without breach of contract by either party, the principal is subject to liability to pay to the agent for services previously performed and which are part of the agreed exchange:

"(a) the agreed compensation for services for which compensation is apportioned in the contract; . . ."

The preliminary objections to the complaint are dismissed and defendant is directed to answer plaintiff's complaint within 20 days from the filing of this order, and in accordance with Pa. R. C. P. 1021 render an accounting of any commissions that may be due to the estate of Gordon T. Lepley under the written contract.